```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

ANTHONY HAWKINS, # 167159,      *
                                *
    Plaintiff,              *
                                *
vs.                             * CIVIL ACTION NO. 24-00448-JB-B
                                *
KENNETH PETERS,                 *
                                *
    Defendant.              *

**<u>REPORT AND RECOMMENDATION</u>**

This action is before the Court on review.[1] Plaintiff Anthony Hawkins, an Alabama state prison inmate proceeding without an attorney, filed the instant action seeking relief under 42 U.S.C. § 1983. (Doc. 1). When he initiated this action, Hawkins did not pay the $405 statutory and administrative filing fees for a civil action and did not file a motion to proceed without prepayment of fees. Thus, the Court ordered Hawkins to either pay the $405 statutory and administrative filing fees or file a motion to proceed without prepayment of fees. (Docs. 3, 6). Hawkins eventually filed a completed motion to proceed without prepayment of fees, but the motion revealed that Hawkins had sufficient funds in his account to pay the $405 statutory and administrative filing fees for this action at the time he filed his complaint. (<u>See</u>

---

[1] This case has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. 72(a)(2)(R).

Doc. 7). Accordingly, on June 6, 2025, the Court denied Hawkins's motion to proceed without prepayment of fees and ordered Hawkins to pay the $405 statutory and administrative filing fees for this action on or before July 9, 2025. (Doc. 9 at 3). The Court cautioned Hawkins that if he failed to pay the $405 statutory and administrative filing fees by July 9, 2025, the undersigned would recommend dismissal of this action for failure to prosecute and to comply with the Court's order. (Id.).

The Court's June 6, 2025 order was mailed to Hawkins at Fountain Correctional Facility, and it has not been returned as undeliverable. However, to date, Hawkins has not paid the $405 statutory and administrative filing fees for this action, despite having been ordered to do so no later than July 9, 2025. Hawkins has not requested additional time to comply with the Court's order, he has not indicated that he is unable to comply with the Court's order to pay the filing fees, and he has not provided any explanation for his failure to timely pay the filing fees. Additionally, an online search reveals that Hawkins is still incarcerated at Fountain Correctional Facility, where the order was sent.

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P.

2

41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

As noted previously, Hawkins has made no apparent attempt to comply with the Court's order directing him to pay the $405 statutory and administrative filing fees on or before July 9, 2025. Nor has Hawkins explained his failure to comply with the Court's order, indicated that he is unable to comply, or sought additional time within which to comply. Hawkins's lack of response suggests that he has lost interest in and abandoned the prosecution of this action after being ordered to pay the full filing fees. In light of Hawkins's apparently willful failure to prosecute this action

3

and to obey this Court's order by timely paying the filing fees, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) and/or this Court's inherent authority, as it appears no lesser sanction will suffice to induce his compliance.[2]

If Hawkins disputes the finding that he failed to comply with the Court's order directing him to pay the $405 statutory and administrative filing fees on or before July 9, 2025, he must set forth in an objection to this report and recommendation the reasons for his failure to effect timely payment of the filing fees as directed. See Wilson v. Sargent, 313 F.3d 1315, 1321 (11th Cir. 2002) (finding that allowing objections to a magistrate judge's report and recommendation is an acceptable means of ascertaining the steps taken by a prisoner to comply with an order to pay a partial filing fee).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen

---

[2] The Court notes that the injury Hawkins complains of allegedly occurred on November 15, 2024. (See Doc. 1 at 4-5). In Alabama, the statute of limitations for filing a § 1983 action is two years. Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, under the circumstances, dismissal of this action without prejudice would not be tantamount to dismissal with prejudice, because Hawkins would have the ability to refile his claims prior to the expiration of the statute of limitations.

4

(14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **25th** day of **July, 2025.**

                                                                                  /S/ SONJA F. BIVINS
                                            **UNITED STATES MAGISTRATE JUDGE**